FRANK CATRUN *v.* ISAAC HAWN.

**Sheriffs and Constables—Failure to Take Proper Replevin Bond.**
The evidence was held insufficient to show liability on a sheriff's bond for failure to take a proper replevin bond.

**Sheriffs and Constables—Presumption As to Sheriff's Return.**
The presumption is that the return of a sheriff is true, and in the absence of proof to the contrary such presumption will prevail.

APPEAL FROM KNOX CIRCUIT COURT.

June 17, 1873.

OPINION BY JUDGE LINDSAY:

After Amis had abandoned so much of his petition as sought relief upon the ground that he had not signed, or authorized any one to sign for him the replevin bond upon which the execution issued, and in effect conceded the fact that he had once been legally bound on said bond, the contract was narrowed down to the single issue as to whether or not Hawn had failed to issue execution for more than one year and Catrun, the sheriff, was no longer a necessary or proper party to the proceeding. The injunction was evidently perpetuated because of appellee's failure to issue execution as charged, and we are unable to discover upon what grounds the

circuit judge based his conclusion that Catrun had failed to take a proper replevin bond. If Amis signed or authorized any one to sign for him, the bond was a proper one.

The presumption is that the return of the sheriff is true, and in the absence of all proof on the subject, that presumption should have prevailed.

Besides this appellee utterly fails to prove (even if we concede he alleged) that damages resulted to him from the action of Catrun, admitting that the bond was not a proper one, and that his return was false.

The judgment against Catrun is reversed and the cause remanded with instruction to dismiss the original and cross-petition against him.

*James, for appellant.*

*————, for appellee.*